# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ROBERT FLOYD CRANK,           )
                              )
            Petitioner,       )
                              )
      v.                      )         No. CIV-05-387-S
                              )
TERRY JENKS,                  )
                              )
            Respondent.       )

## ORDER

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections and housed at the Howard McLeod Correctional Center, appearing pro se, has filed with this court a petition seeking federal habeas corpus relief.

On September 19, 2005, plaintiff filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. Sec. 2241 in this court. In that petition, petitioner is attacking a new parole provision which effects the date for his parole hearings. He claims it is an Ex Post Facto law and cannot be applied to him. Petitioner admits in his Objection to Respondents Supplemental Brief that he did not exhaust his state court remedies. He claims it would have been futile.

"A threshold question that must be addressed in every habeas case is that of exhaustion." Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. Coleman v. Thompson, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to

1

exhaust state remedies whether his action is brought under Sec. 2241 or Sec. 2254." <u>Montez v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000)(citing <u>Coleman</u>, 501 U.S. at 731). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. Sec. 2254 (b). See <u>Clonce v. Presley</u>, 640 F. 2d 271, 273 (10th Cir. 1981) and <u>Bond v. Oklahoma</u>, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeals or a post-conviction proceeding. <u>Dever v. Kansas State Penitentiary</u>, 36 F.3d 1531, 1534 ( 10th Cir. 1994). "Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter." <u>Smith v. Kansas</u>, 356 F.2d 654, 656 (10th Cir. 1966). "The exhaustion doctrine requires a state prisoner to fairly present a claim to the state courts before a federal court will examine them." <u>Pickard v. Connor</u>, 404 U.S. 270, 275 (1971)

After a careful review of the record, the court finds that petitioner does have a state court remedy and has failed to exhaust this remedy. Petitioner could have filed a writ of habeas corpus in state court. 12 O.S.A. Sec. 1331. As a result, petitioner failed to exhaust his state court remedies.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus is **DENIED**, and this action is, in all respects, **DISMISSED**.

**IT IS SO ORDERED** this 20th day of December, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma